**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 26-CV-61130-MIDDLEBROOKS/Augustin-Birch

MELISSA DE LA PAZ LOPEZ,

      Petitioner,

v.

WARDEN OF BROWARD TRANSITIONAL CENTER, ET AL.,

      Respondents.

_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, AND CLOSING CASE

THIS CAUSE comes before the Court on United States Magistrate Judge Panayotta D. Augustin-Birch's Report and Recommendation ("R&R"), entered June 22, 2026. (DE 10), and Respondent's objections to it, dated June 26, 2026. (DE 11). Petitioner filed her Response to the Objections on July 2, 2026. (DE 12). Judge Birch recommends that I grant the Petition for Writ of Habeas Corpus (DE 1) on Counts Two and Three. Specifically, Magistrate Judge Augustin-Birch recommends that the Warden of the Broward Transitional Center be ordered to release Petitioner from custody within 24 hours of any order adopting this Report and Recommendation. (DE 10 at 9, 10). Although I will adopt the Magistrate Judge's findings on jurisdiction and conclude that this Court has jurisdiction over this dispute, I will reject the Recommendation's findings with respect to Petitioner's request for Writ of Habeas Corpus.

I have conducted an independent *de novo* review of the Report and the record as a whole. The Report correctly concludes that Respondents have not identified a statutory provision divesting the Court of jurisdiction to consider the Petition for Writ of Habeas Corpus. Nevertheless, Petitioner's Count Two, alleging a violation of Petitioner's procedural due process

rights under the Fifth Amendment, and her Count Three, alleging a violation of 8 C.F.R. § 241.4(l), fall short because she is not entitled to advance warning prior to the informal interview.

Petitioner was afforded an informal interview, and this is all that the statute requires. Title 8 C.F.R., Section 241.4(l) reads as follows: "Upon revocation, the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." The informal interview is neither an adjudication, nor a formal hearing to decide whether the revocation is permissible. It is also, as Respondents point out, not a custody determination before an immigration judge. (DE 11 at 4). Its role is limited to a notification as to why the alien's conditional release was revoked and given an opportunity to respond.

I disagree with the notion that advance warning is required to give effect to the opportunity to respond. The two district court cases relied on by the Petitioner for the proposition that the opportunity to be heard extends into the nature of the informal interview and the proposed advance warning are fundamentally different cases from the instant matter. Both of those cases involved instances where the Petitioner was not afforded an informal interview at all. Petitioner reads those cases to extend beyond establishing the baseline principle that an informal interview is required and instead invites courts to assess the bureaucratic particularities of the interview. I decline this invitation because it lacks a sound basis in the statute and dilutes the profound nature of the writ of habeas corpus. Neither regulation nor statute provides a timing requirement of when an informal interview is to occur, and only requires that it occur "promptly." 8 C.F.R. § 241.4(*l*)(1). Petitioner's proposition would only frustrate that principle. Petitioner does not otherwise cite, and the Court is unaware of, any authority affirming the novel requirement that she be afforded time to gather

2

evidence to present a legal case to challenge her revocation. Additionally, Petitioner's principle is susceptible to abuse. For example, a party could receive advance notice and then make him or herself unavailable.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Magistrate Judge Augustin-Birch's Report and Recommendation (DE 10) is **ADOPTED IN PART**, as set forth above, insofar as it concludes that this Court maintains jurisdiction.

2) The Petition (DE 1) is **DENIED** insofar as it sought Petitioner's immediate release.

3) The Clerk of Court is directed to **CLOSE THIS CASE.**

4) Any pending motions are **DENIED AS MOOT.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 21st day of July, 2026.

Donald M. Middlebrooks
United States District Judge

cc.

Counsel of Record